Per Curiam.

---

## Meenen v. Negley et al., Appellants.

*Appeals—Interlocutory order—Certification of equity case to law side of court—Act of June 7, 1907, P. L. 440.*

1. An order certifying an equity case to the law side of the court, under the Act of June 7, 1907, P. L. 440, and an order revoking the same, are interlocutory and unappealable.

2. It seems that the Act of 1907 does not contemplate a dismissal of the bill on certification to the law side of the court.

Argued October 9, 1922. Appeal, No. 36, Oct. T., 1922, by defendants, from order of C. P. Allegheny Co., July T., 1919, No. 1984, revoking order to certify case to law

side of court, in case of James E. Meenen v. W. G. Negley and J. J. Schaming.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Appeal quashed.

Bill in equity for injunction.

The opinion of the Supreme Court states the facts.

Order certifying case to law side of court revoked by SHAFER, P. J., and CARPENTER, J.   Defendant appealed.

*Error assigned* was order, quoting it.

*J. A. Wakefield,* for appellants.

*Charles P. Lang,* for appellee.

PER CURIAM, January 3, 1923:

In this case a final hearing was had on a bill in equity for an injunction.   The Court of Common Pleas of Allegheny County, on November 3, 1920, filed a formal adjudication, which, after stating, as conclusions of law, that "the pleadings and evidence do not make a cause cognizable in equity," and "the bill should be dismissed," ends thus: "In our opinion, the plaintiff's remedy is by action at law; if counsel for plaintiff so desires, we will certify the cause to the law side of the court, otherwise a decree dismissing the bill will be entered."   On December 9, 1920, it was ordered that the "case be certified to the law side of the court for trial."   Then the records show an order from the attorney for defendants, to the prothonotary of the court below, as follows: "Enter final decree in the above case as provided for under Equity Rule No. 65."   This rule directs that, "If no exceptions be filed, all objections shall be deemed to be waived and a final decree entered by the prothonotary as of course"; but no such decree appears.   Next, we find an order, dated February 14, 1921, that, on motion

of the "attorney for plaintiff," the case is certified "to the common pleas side of the court for a jury trial as per order filed November 3, 1920." Finally, in November 23, 1921, the court below, acting by both its president judge and the chancellor who had filed the adjudication, entered an order which directs that "the orders heretofore made, certifying this case to the law side of the court, be revoked and set aside, and the decree nisi, that the bill should be dismissed, be also revoked and set aside, as inadvertently made, and the case be reinstated for further hearing." In connection with this last-mentioned order, which is the one before us on the present appeal, the court below states the chancellor's attention had not been drawn to the fact that defendants' answers failed to set up any objection to jurisdiction in equity, and the omission to realize that no such objection had been made, accounts for the transfer of the cause to the other side of the court.

The revoked orders, avowedly, were irregular attempts to follow the Act of June 7, 1907, P. L. 440, which provides that, if want of jurisdiction in equity is not "explicitly" raised, by "demurrer or answer," it shall be deemed to have been waived by both parties and the cause shall proceed to final hearing as though trial without a jury had been agreed upon; and, when the question of jurisdiction is properly raised, "If the court shall decide that the suit should have been brought at law, it shall certify the case to the law side of the court,"—not that it "shall dismiss the bill" and certify the case. Here, while certain references are made in the adjudication to the dismissal of the bill, no actual decree to this effect appears on the record and the case is still pending. All the above-recited orders and decrees are interlocutory and unappealable; hence appellee's motion to quash must prevail.

The appeal is quashed at cost of appellants.