# Murphy *v.* Zingaro et al., Appellants.

*Mortgages—Assignment—Satisfaction—Payment of mortgage— Issue of fact—Case for jury.*

In an action of sci. fa. sur mortgage the assignee of a mortgage is entitled to recover, although the mortgagor, subsequent to the assignment, and without notice thereof, conveyed the property to

the original mortgagee, subject to the payment of the mortgage. In such case, it was for the jury to determine as to whether or not the conveyance was in full satisfaction of the mortgage, and, where the evidence in support of this defense was neither definite or convincing, a verdict for the plaintiff is proper and will be sustained.

Argued December 12, 1923.    Appeal, No. 225, Oct. T., 1923, by defendants, from judgment of C. P. No. 5, Phila. Co., June T., 1920, No. 8972, on verdict for plaintiff in the case of Lawrence C. Murphy, Assignee of Thomas J. Costello, v. Peitro A. Zingaro, Mortgagor, and Andrea Di Guiseppe and Maria Rosa Di Guiseppe, his wife, real owners.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Sci. fa. sur mortgage.    Before HENRY, P. J., 52d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff for $1,855.25, and judgment was entered thereon.    Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal of defendants' motion for judgment non obstante veredicto.

*Walter Thomas,* for appellants.—Where the mortgagor pays the mortgagee after the same has been assigned without notice, payment is a valid defense: O'Maley v. Pugliese, 272 Pa. 356; Bury Assignee v. Hartman, 4 S. & R. 175; Ashton's App., 73 Pa. 153; Brindle v. McIlvaine, 9 S. & R. 74; Twitchell v. McMurtrie, 77 Pa. 383.

*J. A. Robbins,* for appellee.

OPINION BY HENDERSON, J., February 29, 1924:

The defendant, Pietro A. Zingaro, being the owner of a house and lot, executed a mortgage thereon to Thomas J. Costello, dated October 9, 1914. This mortgage was assigned by Costello to Lawrence C. Murphy on the following day and was recorded October 14th, of the same year. On the 24th of July, 1915, Zingaro conveyed the property to Costello for the sum of $1 and other good and valuable considerations; the said conveyance being made as recited in the deed "under and subject nevertheless to the payment of a certain mortgage debt or principal sum of $1,500 now of record, together with interest thereon when the same hereafter shall accrue and become payable." On January 13, 1916, Costello conveyed the real estate to Andrea Di Guiseppe and wife who are named in the action as terre-tenants. This conveyance recited that it was made subject to a mortgage of $1,100 held by a trust company. It appears in the evidence that Di Guiseppe paid $1,450 to Costello at the time the conveyance was made. Di Guiseppe had no knowledge of the Zingaro mortgage and had not examined the conveyance to Costello from Zingaro. An effort was made at the trial to prove that Zingaro conveyed the property to Costello in full satisfaction of the mortgage for $1,500 and on the pleadings and the testimony the case turned on the inquiry whether in accepting the title from Zingaro, Costello agreed that the mortgage should be considered paid and satisfied. The whole controversy was one of fact therefore and in no aspect of the case could the court have given binding instructions for the defendants. On the face of the conveyance by Zingaro to Costello the transfer was made subject to the payment of the Zingaro mortgage and this was not an extinguishment of the debt. The title to the mortgage had long before that passed to Murphy. The conveyance by Zingaro to Costello did not ipso facto create a satisfaction of the mortgage. To overcome the prima facie showing of the conveyance to Costello, the testimony of Zingaro, Rizzo

and Dennis was introduced to support the defense that the mortgage was extinguished by the conveyance from Zingaro to Costello, but the evidence was evidently not convincing to the jury. Zingaro had filed an affidavit of defense in which he denied that he gave the mortgage and the testimony of the other witnesses was not clear nor satisfactory. The court submitted to the jury the question whether the understanding between Zingaro and Costello was that the mortgage was satisfied by the conveyance of the property from Zingaro to Costello with the instruction that if they so found the verdict should be for the defendants. This was the only question in the case and the instruction was as favorable to the defendants as the evidence warranted. On the face of the deed from Zingaro, the mortgage was not extinguished. It contains the declaration of the grantor that it remains an encumbrance on the property. It is not important that the grantee may have been liable to the grantor to take care of the mortgage. Its lien was not discharged by the conveyance.

We do not find anything in the cross-examination of Zingaro which opens up the subject of his relation with Costello so that it would have been competent to recall him in chief for examination as to the character of their business transaction. The cross-examination was limited to the subject introduced by Zingaro in chief he having denied that he executed the mortgage. It was competent to inquire whether the signature to it was not his own and whether he did not sign the deed to Costello in which reference was made to the mortgage.

The court was not in error in admitting evidence of the assignment of the bond and mortgage by Costello to Murphy. That was the foundation of the plaintiffs' right and obviously necessary to support the action. The finding of fact by the jury was against the defense as presented and the judgment properly followed the verdict.

The assignments are overruled and the judgment affirmed.