## Lupowitz v. Double Share Building and Loan Association.

*William Ginsburg*, for plaintiff; *A. T. Hanby*, for defendant.

KUN, J., Oct. 30, 1930.—On June 9, 1925, the defendant granted two mortgage loans to one Hyman Schlachman, each in the sum of $3500, in connection with which the plaintiff paid into the association the sum of $750 cash as security for each loan, or the total sum of $1500, under the agreement that the said sum would be returned to the plaintiff by the defendant when there should have been paid into the association the sum of not less than $750 on each of the said mortgages, either on account of the principal thereof or on account of twenty shares of stock of the association issued in connection with each mortgage to the mortgagor and by him assigned to the association as collateral security for the loan. Following the creation of the mortgages, Schlachman conveyed the premises to one Isaac West, who in turn conveyed them to Mollie Stern. Thereafter, on Oct. 1, 1926, Mollie Stern conveyed the premises in question to the defendant association, the mortgagee. The conveyances were made under and subject to said mortgages held by the defendant association and certain other preëxisting liens. It appears that the paid-in value of the shares of stock assigned in connection with the mortgage loans reached the sum of $750 on each one on July 2, 1928. The principal sum of $1500 has been repaid by the defendant association to the plaintiff. It is also conceded that the plaintiff is not entitled to recover interest on his $1500 deposit by him as security from the date of the deposit, but there is a dispute now as to whether interest is recoverable by the plaintiff from defendant from Oct. 1, 1926, the date when the defendant association took title to the properties, specifically under and subject to its own mortgages of $3500 each, or whether the plaintiff is entitled to the interest on the said $1500 only from July 2, 1928, when, as stated, the paid-in value of the shares of stock assigned as collateral in connection with the mortgages had reached the sum of $750 with respect to each of the mortgage loans.

The answer to the question depends on the legal significance of the defendant association's taking title to the premises from Mollie Stern on Oct. 1, 1926, specifically under and subject to the payment of the said second mortgage debts, or principal sums of $3500, together with interest due and to become due thereon as stated in the conveyances to it.

In the absence of any evidence to the contrary, the presumption under the terms of such a conveyance is that the amount due on the mortgages under and subject to which the conveyance was taken was part of the consideration of the purchase: Stanhope's Estate, 184 Pa. 414; Dobkin *v.* Landsberg, 273 Pa. 174, 180; Bryar's Appeal, 111 Pa. 81, 90; Cock *v.* Bailey, 146 Pa. 328. The defendant association having taken title to the premises in question under

and subject to the mortgages mentioned, though the mortgages were to itself, nevertheless, became obligated to pay them: Orient B. & L. Ass'n *v.* Freud, 298 Pa. 431.

It follows that Schlachman, the mortgagor of the mortgages in question, on whose behalf the plaintiff had deposited his $1500 with the defendant as security, was, after the conveyance of the properties under and subject to the mortgages to the association, no longer obligated to pay the amount of the mortgages. The obligation to pay them was, as stated, on the vendee, the association itself. It follows that since Schlachman was no longer obligated to pay the mortgages, the association could hardly retain therefor the security which the plaintiff had deposited with the association to secure the payment of the mortgages up to at least $1500. The obligation of Schlachman, the mortgagor, having ceased, it follows that the collateral obligation of the plaintiff, his surety, also ceased.

The court concludes, therefore, that the plaintiff is entitled to recover interest of the defendant on the $1500 which had been deposited by the plaintiff with the defendant as security as above stated, and which sum has since been repaid to him, the interest to be computed from Oct. 1, 1926, the date upon which the defendant association took conveyance of the premises in question under and subject to the payment of the said mortgages, to the date when the said sum of $1500 was repaid by the defendant to the plaintiff.