## Victory Realty Co. v. Cosmos Building and Loan Association.

*Abraham L. Freedman* and *Morris Wolf*, of *Wolf, Block Schorr & Solis-Cohen,* for plaintiff.

*David Bortin*, for defendant.

FERGUSON, P. J., May 20, 1931.—Plaintiff is the owner of premises at the northwest corner of Tenth and Chestnut Streets, Philadelphia, and on January 15, 1929, executed a bond and mortgage in the sum of $100,000 to defendant, secured upon the real estate mentioned.

The bond and mortgage were in the usual building association form, providing for the payment of the sum of $100,000 at 6 per cent. interest, payable monthly, and a premium of $150 and $500 as a contribution on 500 shares of the capital stock of the defendant, also payable monthly. The stock was assigned to defendant as collateral security. The mortgage, by its terms, conveyed the real estate to defendant for the better securing of the payment of the mortgage debt with interest and fines and premium and the monthly contribution on the shares of stock.

Payments were made of dues on the stock, with interest and premium as required by the mortgage, up to and including September, 1930, the total amount paid in dues amounting to $10,500. Plaintiff thereupon gave notice to defendant of its intention to have the payments made on the stock immediately applied in reduction of the loan of $100,000, and demanded the right to pay thereafter the dues of $500 per month and interest only on the balance of principal of the mortgage, after deducting the $10,500, and also reducing the monthly premium, and, further, demanded the right to have the interest on the mortgage reduced monthly as the monthly payments of dues are made.

For the purpose of having its rights declared this petition was presented.

The corporation being solvent, as shown by the petition, it may be conceded that plaintiff has a right to have the payments on the stock appropriated to the loan, but the most that plaintiff may obtain as a result of such appropriation is that the stock shall be free from claims of attaching creditors of plaintiff, and, in the event of insolvency of defendant, the plaintiff will be entitled to have the payments made on the stock credited to the amount of the loan at that time. We have read many decisions on the subject and we find none that holds that payments on the stock, which has been appropriated toward the loan, shall be regarded as immediately appropriated and the loan reduced as the payments are made. In Orient B. & L. Ass'n *v.* Freud, 298 Pa. 431, it was held that ordinarily payments on the stock are not *ipso facto* credits on the loan, but a borrower has the right, if the association is solvent, to require them to be so applied, in which event the payment is an indirect payment and not a direct one. The same principle is stated in Freemansburg B. & L. Ass'n *v.* Watts, 199 Pa. 221.

The whole plan under which building associations are conducted contemplates that all the stock of the borrower shall be regarded as additional security for the mortgage loan, and whether the stock be assigned as collateral security or is appropriated towards the payment of the debt, it remains in existence until it matures, at which time the loan is canceled. It is not contemplated that the appropriation shall be made piecemeal. As stated in Freemansburg B. & L. Ass'n *v.* Watts, *supra:* "It is not intended that a stockholder who borrows of the association will discharge the debt he incurs by direct payments on account of it." What the plaintiff in this case asks is that it be allowed to make appropriation monthly of the instalments on 500 shares of stock toward the payment of the debt, and at the same time keep the stock alive. In other words, plaintiff contends that it may take the value of the stock away from it and apply it to the loan while the stock itself, which the parties contemplated should become a progressively more valuable security for the loan, is made worthless. Were we to declare this within the power of plaintiff, it would be to say that while the stock remains in existence, with the obligation to pay the monthly instalments, a withdrawal shall be allowed of the amount paid in dues in order that the same may be immediately appropriated to the loan. We cannot so declare. Plaintiff obligated itself by the bond and mortgage to pay $500 a month in dues. So long as the loan continues it is beyond the power of plaintiff to withdraw the value of the stock. It has the right to pay the loan off in full at any time, and if desired, when such payment is made, the value of the stock may be credited to the loan. It may not elect to regard the monthly payments as direct payments on the mortgage debt and thereby secure a reduction in interest and premium.

### Decree.

And now, May 20, 1931, it is ordered and decreed: First, that plaintiff may at any time during the solvency of the defendant association direct the defendant to appropriate the payments on the stock to the mortgage loan; and, second, plaintiff is not entitled to have the interest and premium reduced by reason of the payments made on account of the stock, but stands obligated until the loan is paid in full to pay the full amount of interest and premium, which in the mortgage it agreed to pay.