## Mertz v. Mertz

*William J. MacCarter, Jr.*, and *Clement J. McGovern*, for plaintiff.

*William Taylor* and *William Taylor, Jr.*, for defendant.

BROOMALL, J., September 2, 1938.—The parties to this suit were divorced by a final decree, which was affirmed October 2, 1935, on appeal reported in 119 Pa. Superior

Ct. 538. At that time they were the owners of premises known as 152 Mohawk Avenue, Norwood, this county, by the entireties with the right of survivorship, having acquired title thereto on May 6, 1921. Plaintiff brought this action in assumpsit on May 7, 1937, to recover her one-half share of the fair rental value of the premises, then occupied by her divorced husband, for the period from the date of the original decree of divorce in this court, to wit, December 6, 1932, to April 30, 1937. By agreement the recovery upon the trial was limited to commence on the date the decree of divorce was affirmed on the appeal to the Superior Court.

The jury found the fair rental value of the premises to be $40 per month, allowed credits to defendant for amounts paid for taxes, interest on $1,100, the reduced principal of a building association mortgage, certain items for repairs and improvements, and rendered a verdict in favor of plaintiff against defendant for the sum of $170.63 as her proportionate share for the period from October 2, 1935, to April 30, 1937.

The jury was instructed that defendant should receive credit for any interest paid on the mortgage. Certain items for dues and premiums paid on the building association mortgage were excluded and the trial judge stated to counsel, at side bar, that if they were proper credits, the amounts not being in dispute, the verdict would be molded accordingly.

Defendant filed a motion for a new trial, which was argued before the court in banc. The only reason pressed at the argument was that the proper amount to be awarded against defendant should be ascertained by deducting the monthly payments for dues of $7.50 and premiums of $1.38, paid by defendant on the building association stock, from the fair rental value, in addition to the monthly interest thereon of $5.50 and the other items mentioned which were allowed.

Plaintiff's right to recover under the circumstances is not questioned nor could it be under the decision in

O'Malley v. O'Malley, 272 Pa. 528, where the divorced husband leased the premises held by entireties and collected the rents. The gross inequity of one having an equal right with another taking all was pointed out in the opinion and it was held that, for all practical purposes, the parties should be treated as tenants in common, so far as the rents are concerned and as such each is entitled to a fair share of the income. This decision was followed by Cornelius v. Cornelius, 104 Pa. Superior Ct. 455, where the divorced husband occupied the premises as in the instant case, and, applying the same broad equitable principles, the court held, treating the parties as tenants in common as to the income, that the Act of June 24, 1895, P. L. 237, 68 PS §101, changed the rights of tenants in common of real estate under the common law, by providing that the one not in possession may recover from the one in possession his or her proportionate part of the rental value. These decisions clearly establish the right of plaintiff to recover in the instant case in assumpsit: Duggan v. Duggan, 291 Pa. 556; and there remains to determine the single question raised, namely, should the dues and premiums paid by defendant on the building association stock be deducted from the fair rental value in determining the proportionate part to which plaintiff is entitled.

Plaintiff contends that, while the interest is a proper allowance, no credit should be allowed for the amounts paid by defendant for the dues and premiums, unless defendant has directed the association to apply the same on the mortgage debt, which has not been done, citing Green et al. v. Second Allegheny Bldg. Assn. et al., 311 Pa. 305, Orient B. & L. Assn. v. Freud, 298 Pa. 431, and Hamilton Trust Co. v. Hoskins, 244 Pa. 1. Defendant contends that the dues and premiums are necessary for the preservation of the premises in order to prevent the foreclosure of the mortgage, citing Magee et ux. v. Morton B. & L. Assn., 103 Pa. Superior Ct. 331.

The mortgage debt was incurred by both parties for the purpose of securing funds to cover the expenses incident to the appeal to the Superior Court by plaintiff from the divorce decree entered by this court. It was originally for $1,500. After the decree of this court was affirmed there remained $400 of the fund, which the parties applied on account of the principal, reducing it to $1,100. At the time the mortgage was executed the parties subscribed to the number of shares which at maturity will pay off the mortgage debt and assigned them to the association as collateral security. The amount of interest due was reduced by this payment on the principal but the number of shares was not reduced.

It is not necessary for a decision in this case to hold that the equitable principles applied to income in the O'Malley and Cornelius cases, supra, be extended to include liens against real estate as suggested by counsel for defendant. Both parties would then be equally liable for his or her proportionate share of the obligation as tenants in common, and if one paid for the benefit of both the other must contribute his or her proportionate share to the one paying: Condran v. Kennedy, 56 Pa. Superior Ct. 356, 363. Such a holding would necessarily be an exception to the rule that contribution must be for the benefit of both, as the payments here are for the benefit of the survivor and not for the benefit of both. Both the real estate and stock have the same status in this respect.

We prefer to base our decision upon the equitable principle of estoppel, under the circumstances in the instant case. Neither party may now set up against the other that the dues and premiums are not a proper expense of maintaining the premises. The parties were fully aware of all the facts. They incurred the indebtedness after the entry of the decree of divorce by this court, they made it a lien upon their real estate, and they subscribed to and assigned to the building association the stock as collateral security for the payment. By these acts they reduced their equity in the premises to the detriment of the sur-

vivor, and this whether the divorce decree should be affirmed or reversed on the appeal. The purpose for which the money was obtained is immaterial in this issue.

The status of the parties from the time of the execution of the mortgage until the final decree was entered remained the same. As between them this should not be changed to the detriment of either. Either one up to the date the divorce decree became final could collect the entire income, but both were entitled to have it used for their joint benefit. In Gasner v. Pierce et al., 286 Pa. 529, the court said at page 533:

" 'While the marriage subsists it is a matter of indifference which of the parties leases the property or which of them obtains the rents; presumptively the moneys received will be expended for the benefit of both of them. The unity of the relation of the parties results in a unity of the estate; the leasing by either is for the benefit of them in that relation, and the rents paid to either is to him or her in that relation only' ". Again, on the same page, the court said: "neither may deprive the other of the use of the rents accruing, unless by agreement."

Before the decree of divorce became final the entire transaction was completed by the parties. As between them, having impressed their title to the real estate with the liquidation of the debt in a particular manner, they will not now be heard to assert that the items of dues and premiums are not proper expenses of maintaining the property. These items like the others must be paid from income because of the unity of the relation of the parties with reference to the property and the income which existed at the time the obligation was created. The parties substantially agreed before the divorce decree became final that expenses necessary for the preservation of the property would be chargeable against the income, as the only source of payment. If they intended otherwise they should have entered into an agreement for the payments. To hold now, because of the divorce, and in the absence of an agreement, that the dues and premiums are not to

be deducted in ascertaining the proportionate share of each would be inequitable as between the parties.

It is argued that, as defendant has not directed the association to apply the payments on the stock in reduction of the mortgage debt, plaintiff may lose the benefits of these payments. Under the authority of Magee et ux. v. Morton B. & L. Assn., supra, plaintiff may give such notice, as either party may act for both in the preservation of the estate. The notice is a matter of right, and if given by either party will protect both, if the association continues solvent: Orient B. & L. Assn. v. Freud, supra. As between the parties, both the real estate and the stock, notwithstanding the divorce, are *"impressed with the entirety provision that it is the property of both,* and any one dealing with such specific property as severalty, knowing it belongs to both, must submit to the consequences": Madden et al. v. Gosztonyi Savings & Trust Co., 331 Pa. 476, 489. See also Green et al. v. Second Allegheny Bldg. Assn., supra.

The argument that more stock is held by the parties and assigned to the association than is required to pay the mortgage debt at maturity, fails to take into consideration that both parties created this condition by applying the balance of $400 in reduction of the principal, when they had the legal right, acting together, to make some other disposition of it, such as dividing it equally between them. When the stock matures there will be a fund over and above the mortgage debt which, now that the parties are divorced, will belong to them by the entireties or, if at the time, one should be deceased, then to the survivor absolutely.

The Act of May 13, 1925, P. L. 649, "Providing for the sale of property held by husband and wife as tenants by entireties where they have been divorced", was specifically repealed by the Act of May 10, 1927, P. L. 884, 68 PS §501, etc., evidently by reason of its retroactive provisions: Clements v. Kandler, 9 D. & C. 310; although sub-

stantially reënacted, with some additional provisions, to apply to property thereafter acquired. The late Judge Martin of Philadelphia County in Standen v. Business Men's B. & L. Assn., 9 D. & C. 436, decided that property acquired by husband and wife prior to the Act of 1925, supra, under facts very similar to those in the instant case, vested in the survivor absolutely, that the divorced wife plaintiff, who survived, was entitled to the full value of the matured stock which had been assigned to the association as collateral for a mortgage debt and that the children of a deceased husband had no interest therein. The building association set up that their children had an interest in the difference between the matured value of the stock and the amount of the mortgage debt as part of the husband's estate. It was held that the real estate and the stock both belonged to the survivor absolutely notwithstanding the divorce.

The question raised as to the propriety of submitting this case to a jury because of the pending bill in equity, between the same parties as of no. 986 March term, 1937, C. P. Delaware County, for an accounting and sale of the property, was disposed of on preliminary objections to the bill: Mertz v. Mertz, 27 Del. Co. 376. The bill seeks a final determination of the dispute by a sale of the real estate and an accounting is asked for the period prior to the date of the divorce. It does not involve an accounting for the period since the date of the divorce which is the subject of this suit. The real estate was conveyed to the parties prior to the Act of 1927, supra, modifying the common-law rule, which applies only to property thereafter acquired. The causes of action in this suit and the equity proceedings are entirely different. See Newhard v. Newhard, 303 Pa. 299, and Krizovenisky v. Krizovenisky et al., 13 D. & C. 608.

And now, to wit, September 2, 1938, motion of defendant for a new trial is refused and dismissed, with leave to plaintiff to enter judgment against defendant on the

verdict as set forth in this opinion, the same being hereby molded as follows:

Balance found by jury before distribution..$308.05

Less further deduction of monthly dues and
premiums of $8.88 for 19 months........ 168.72

Net balance ...................... 139.33

One half due plaintiff.................. 69.67

Interest at 3 percent from October 2, 1935,
to April 30, 1937 (as agreed average time). 3.34

Interest at 6 percent from April 30, 1937, to
April 13, 1938 (date of verdict) ........ 4.18

Amount due plaintiff for which judgment
may be entered on the verdict........... $77.19