Philadelphia Saving Fund Society *v.* Stern et ux., Appellants.

Argued December 4, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Joseph H. Lieberman,* for appellants.

*J. Horace Churchman,* with him *Charles J. Biddle,* for appellee.

OPINION BY MR. JUSTICE STERN, January 5, 1942:

In 1922 defendants purchased from Michael Weinstein premises 5051 and 5055 Ogden Street, Philadelphia, and delivered to him a purchase-money bond and mortgage in the principal sum of $1,800 on each property, payable at the expiration of three years. In 1923 they conveyed the premises to Rubin Waxelblatt and Benjamin Perlstein under and subject to these mortgages. Waxelblatt and Perlstein executed second mortgages to Sixtieth and Market Streets Building and Loan Association and in 1924 conveyed to Harry Yelshin under and subject to the two mortgages on each property. In 1925 Weinstein assigned the $1,800 bonds and mortgages to plaintiff. In 1929 the Building and Loan Association, because of defaults, foreclosed on the second mortgages and purchased the premises at the sale, taking title from the sheriff by two deeds, neither of which contained an "under and subject" clause. In 1932 the Building and Loan Association, which by merger had become the New Epoch Building and Loan Association, conveyed the properties to plaintiff by deeds in each of which there was the following provision: "UNDER AND SUBJECT to a

certain mortgage debt or principal sum of Eighteen Hundred ($1,800.) Dollars held by The Philadelphia Saving Fund Society. AND it is expressly stipulated and agreed that it is intended hereby not to merge the interests of the Philadelphia Saving Fund Society in the said premises as Mortgagee of the mortgage hereinbefore mentioned and as owner in fee of said premises, and that the said mortgage shall be, remain and continue in full force and effect for all purposes as though this present conveyance had not been made." In 1940 plaintiff, which is still the owner of the premises, entered judgments by confession on the two $1,800 bonds. Defendants obtained rules to show cause why these judgments should not be opened, on the ground that their liability on the bonds was extinguished when plaintiff acquired title to the properties by "under and subject" deeds. The court below discharged the rules, and defendants appeal.

It is a familiar principle that one who purchases a property under and subject to a mortgage impliedly thereby agrees to reimburse his grantor for any loss he might thereafter sustain by reason of the encumbrance. Accordingly it is urged by defendants that, if plaintiff were allowed to recover on the bonds, defendants would have an action over against Waxelblatt and Perlstein, the latter in turn against Yelshin, he against the Building and Loan Association, and the Association against plaintiff; therefore, to avoid this circuity of action, which would only result in all the parties being eventually in the same position as they were originally, the initial recovery by plaintiff against defendants should not be permitted: *Orient Building & Loan Association v. Freud,* 298 Pa. 431, 435, 148 A. 841, 842.

The argument thus presented cannot prevail for two reasons.

The first is that no circuity of action can arise unless there is an unbroken chain of liability of the mortgagee-grantee to his grantor, from the latter to *his* grantor, and so on back to the mortgagor. If any link in the chain is

broken, the liability of succeeding grantees ceases at that point: *Samuel v. Peyton*, 88 Pa. 465, 470. Such a break occurs when title is taken from the sheriff by a purchaser at a sale of the property on execution, because the purchaser cannot be supposed "to have intended to assume any obligation at all to his vendor, since the previous owner of the property was not his vendor. He took title from the sheriff. There is no link in the chain at that point to bind appellant [the sheriff's grantee] to the mortgagor [defendant in the execution] as an indemnitor": *Ryon's Estate*, 318 Pa. 171, 175, 178 A. 133, 134; *Fair Oaks Building & Loan Association v. Kahler*, 320 Pa. 245, 256, 181 A. 779, 783. Under such circumstances the only remedy of the last owner prior to the sheriff's sale, if compelled to pay the mortgage debt, is to obtain indemnity out of the land through subrogation to the rights of the mortgagee in the encumbrance; he cannot assert a personal liability of the purchaser on the theory of an implied covenant of indemnity. Since the Building and Loan Association obtained title from the sheriff, Yelshin, defendant in the execution, could not recover from it even if he should be compelled to indemnify his own grantors; therefore the Association would never have any need to seek reimbursement from plaintiff, and accordingly plaintiff's right to recover on the bonds is not affected by any possibility of a resulting circuity of action.

The second reason why defendants' position is untenable is that a mortgagee's acquisition of title to mortgaged property by a conveyance "under and subject" to the mortgage does not operate automatically and inexorably to extinguish the personal liability of the mortgagor for the debt secured. Whether or not it has such an effect depends upon the intention of the parties to the conveyance; that intention may be expressed in a definite agreement or inferred from the circumstances, and parol evidence is admissible in order to ascertain it: *Continental Title & Trust Co. v. Devlin*, 209 Pa. 380, 386,

58 A. 843, 844, 845; *Moats v. Thompson,* 283 Pa. 313, 321, 322, 129 A. 105, 108; *Orient Building & Loan Association v. Freud,* 298 Pa. 431, 434, 435, 148 A. 841, 842; *James B. Sheehan Building & Loan Association v. Scanlon,* 310 Pa. 6, 9, 10, 164 A. 722, 723; *Sparrow v. Mowers,* 315 Pa. 460, 463, 173 A. 273, 274; *Musselman v. Sharswood Building & Loan Association,* 323 Pa. 550, 557, 187 A. 419, 421; *Golder v. Bogash,* 325 Pa. 449, 451, 452, 188 A. 837, 838; *Lansford Building & Loan Association v. Sheerin,* 325 Pa. 474, 190 A. 901; *Segreti v. Frisk,* 328 Pa. 82, 194 A. 895; *First National Bank of Sunbury v. Rockefeller,* 333 Pa. 553, 560, 5 A. 2d 205, 208; *Naffah v. City Deposit Bank,* 343 Pa. 348, 23 A. 2d 340; *Murphy v. Zingaro,* 82 Pa. Superior Ct. 509.

It is entirely clear that plaintiff did not accept title from the Building and Loan Association under any agreement or intention, express or implied, to renounce its right to recover on defendants' bonds. The Association adopted a resolution to the effect that it was no longer able to protect its equity; it therefore decided to convey the premises to plaintiff, not wishing to suffer further losses by reason of liability for taxes. No consideration passed from plaintiff to the Association. That the mortgages should not be merged in the ownership of the properties was expressly stipulated in the deeds, and the object of this provision could be only, or at least principally, to preserve the liability of defendants, there being no junior encumbrances when plaintiff acquired title which would have furnished a reason for the nonmerger clause. Obviously, too, plaintiff could have foreclosed its mortgages instead of accepting a conveyance from the Association, and thus have retained its right to recover from defendants any resulting deficiency. All the admitted facts and circumstances, therefore, indicate that the acceptance of title by plaintiff under and subject to the mortgages was not intended to have the effect of an extinguishment of its right of recovery on the bonds. Of course, upon plaintiff's receiving payment

of its judgments, defendants will be entitled to assignments of the mortgages; plaintiff has tendered such assignments as well as deeds conveying title to the properties, and the court below, in discharging the rules to open the judgments, made it incumbent upon plaintiff to execute such assignments and conveyances.

Included in the assessments of the amounts due are items of back taxes and water rents paid by plaintiff when it acquired title to the premises, and also interest on the bonds to the date when the judgments were entered. It is entitled to those items of recovery since they are covered by the express terms of the obligations. During plaintiff's ownership the properties were operated at a net loss because of necessary expenditures for commissions, repairs, insurance and taxes.

Order affirmed.