## Cheltenham National Bank v. George B. Henne & Co., Inc., Appellant.

312

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Bruce E. Endy,* and *Meranze, Katz, Spear & Wilderman,* for appellant.

*Samuel J. Hecht,* for appellee.

OPINION BY CERCONE, J., December 1, 1975:

The instant appeal arises from the dismissal of appellant's petition to set aside a sheriff's sale of certain real estate formerly owned by defendant corporation. The appellant filed the petition in his alleged capacity as a principal stockholder and officer of defendant corpo-

ration. The mortgagee bank, as respondent and appellee herein, had taken a judgment of foreclosure by admission prior to appellant's petition to set aside the sheriff's sale, but had not directed the sheriff to serve appellate because the bank believed appellant had sold his stock and interests in Henne & Co. prior to the default. It was this alleged sale, which appellant claimed had never been consummated, that formed the factual crux of appellant's petition.

The sheriff's sale occurred on November 4, 1974, pursuant to the aforementioned judgment of foreclosure on October 10, 1974. On November 12, 1974, appellant filed his petition attacking the sale on the basis of the bank's failure to have him served as a principal shareholder of the mortgagor, and alleging that the judgment was the product of fraud and collusion. The court below thereupon issued a rule upon plaintiff bank and defendant corporation to show cause why the sale should not be set aside. Not surprisingly, the defendant corporation did not file an answer, but the bank responded averring that at all relevant times appellant was not a stockholder in defendant corporation, having sold his interest on February 1, 1972. The bank also denied that the judgment was fraudulent or collusive. Although appellant filed a reply to the bank's answer, the reply did not resolve the disputed factual questions, and only underscored the need for depositions. No depositions were ever taken.

Unlike the majority of counties in Pennsylvania, in Philadelphia County petitions before motions' court which are answered are automatically set down for argument by the prothonotary. Ordinarily, if depositions are required, i.e., if the material facts are in dispute, the court must be so notified of the intention to take depositions within fifteen days of the filing of the answer. The lower court found that petitioner's failure to take depositions constituted a demurrer to respondent's answer, so

that all averments in the answer were treated as true for the purpose of argument. That conclusion was fatal to appellant's petition, since the answer averred that petitioner was neither a stockholder nor officer in defendant corporation and, hence, had no standing to challenge the judgment of foreclosure. Therefore, upon the pleadings the court dismissed appellant's petition.

Appellant then filed a petition to vacate the order dismissing his former petition. In this petition appellant claimed that the factual issues raised by his former petition and the answer were in conflict so that the court erred in treating his failure to take depositions as an admission of the averments in the answer. In support of this position appellant pointed to Pa. R.C.P. 209 which requires a respondent to *rule* the petitioner to take depositions, and then, the petitioner having failed to do so, *rule* that the case be listed for argument.

Rule 209 was adopted to cure the dilemma confronting a respondent in counties which did not automatically list petitions for argument as does Philadelphia County. In those counties, when controlling facts were in controversy, the respondent was helpless to move the case to conclusion. If he set the case down for argument, his action was treated as an admission of the facts stated in the petition. A respondent, therefore, had to sit by and await further action at the petitioner's pleasure. 1 Goodrich-Amram §209(1). In adopting Rule 209, however, the Supreme Court expressly declined applying it to counties like Philadelphia, stating in the explanatory note thereto:

> "Rule 209 does not abolish the practice in counties in which a matter on petition and answer is automatically listed for argument by the Prothonotary or officer in charge of the list without awaiting action by an attorney."

Furthermore, in practice in Philadelphia County, the effect is the same as though the petitioner had set the

case down for argument. *Wise v. Levine,* 42 D.&C. 354 (1941). "When a case has been listed under such a practice for argument on petition and answer, it should be held, in conformity with the spirit of Rule 209, that the case should be heard as though the petitioner admitted for the purpose of argument 'all averments of fact responsive to the petition and properly pleaded in the answer.'" 1 Goodrich-Amram §209(2) at pp. 28-29. Hence, appellant's failure to take depositions constituted an admission of the properly pleaded averments in respondent's answer. Therefore, the court did not improperly dismiss his petition.

As a postscript, it may be noted that subsequent to issuing the order dismissing appellant's petition, the court did hold a hearing on appellant's motion to vacate the order. In refusing to vacate, the court determined that appellant still had not taken depositions nor shown any inclination toward taking depositions promptly if the order were vacated. This conclusion mitigates the apparent harshness of the court's previous order and tends to indicate that appellant's purpose in attacking the sheriff's sale may have been other than resolution of its rectitude on the merits. Certainly, this inference is fortified by appellant's failure to indicate at any stage of the proceedings that he might pose a valid defense if the sheriff's sale were stricken and the judgment of foreclosure reopened.[1]

Order affirmed.

---

1. Appellant also claims that the bank's answer, averring appellant's sale of his interest in Henne & Co., Inc. was improperly pleaded insofar as the underlying contract was not attached to the answer. See Pa. R. C. P. 1019(h); *In re Philadelphia Co. for Guaranteeing Mortgages,* 143 Pa. Superior Ct. 407, 17 A.2d 662 (1941). This issue was not raised below, however, so that we may not consider it in the instant appeal. See *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255 (1974).

DISSENTING OPINION BY PRICE, J.:

I am willing to accept the explanatory note to Pa. R.C.P. 209 as saving Philadelphia County's procedure of automatically setting petitions upon the argument list. I am not, however, willing to accept the majority's conclusion that Philadelphia practice also renders the balance of Rule 209's requirements moot. To my view it is the intent of the Rule to require affirmative action by the respondent-appellee before the benefit of admissions may be claimed and recognized. Where, as here, there was no such affirmative action, it was error to give appellee the benefit of such admissions.

Recently in dissent I have made similar observations. See *Gilmer v. Philadelphia Transportation Co.*, 237 Pa. Superior Ct. 57, 65, 346 A.2d 346 (1975).

I would reverse the order of the lower court and remand.