374 A.2d 1369

**MAURICE GOLDSTEIN COMPANY, INC.**

v.

**Ralph MARGOLIN, t/a Margo Realty, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1976.

Decided June 29, 1977.

David L. Pollack, Philadelphia, for appellant.

Richard D. Malmed, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order denying a petition to open a default judgment. Because the order was entered prematurely, we remand for further proceedings.

On December 1, 1972, appellee filed a complaint in assumpsit against appellant. The complaint was served on the manager of the apartment house where appellant lived, in accordance with Pa.R.C.P. 1009(b)(2)(ii). No answer having been filed, appellee took a default judgment on February 23, 1973. From November 26, 1973, through April, 1975, appellee undertook to execute on the judgment;[1] incident to this, on or about April 12, appellant was notified of an attachment proceeding.

On May 16, 1975, appellant petitioned to open the default judgment, alleging (1) that he had never received notice of the original action because the manager of the apartment house did not deliver the complaint to him; (2) that when he did learn of the default judgment, he promptly filed his petition to open; and (3) that the complaint named him individually whereas he had never traded individually but only as "Margo Realty Corporation." Thus, appellant attempted to satisfy the three requirements for a successful petition: an excuse for the failure to file an answer, prompt filing of the petition, and a meritorious defense. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971).

In its answer to the petition, filed on May 30, 1975, appellee alleged, as to the first requirement, that the apartment house manager told appellee's attorney that he had

---

1. The execution proceedings took place in Delaware, to which state appellee had transferred the judgment.

delivered the complaint to appellant. Later, after the answer was filed, appellee also contested the third requirement by way of an affidavit of the Secretary of State of the State of Delaware that "Margo Realty Corporation" had never been registered in Delaware.[2]

On August 21, 1975, the lower court denied appellant's petition. In an opinion filed on August 29, 1975, the court held that appellant had not shown a sufficient excuse for its failure to file an answer:

> Service is the manner of notifying the [appellant] of the action brought against him. [Appellant] now argues that even though service was proper he did not, in fact, receive any notice of the original action. To support such allegation the [appellant] submits no supporting evidence other than an affidavit stating that he did not receive notice of the original action. [Appellee], by [appellant's] own admission, complied in all ways with Pa.Rule of Civil Procedure 1009(b)(2)(ii) pertaining to service.
>
> (R. 58a–59a.)

 If by this statement the lower court meant that proof of proper service precludes a defendant from proving lack of notice, the court erred. We have held ·that when failure to respond to a complaint is due to an employee's failure to forward the complaint to the defendant corporation's office, it may be an abuse of discretion to deny a petition to open judgment. *Campbell v. Heilman Homes, Inc.*, 233 Pa.Super. 366, 335 A.2d 371 (1975) (JACOBS, HOFFMAN and SPAETH, JJ., dissenting). The lower court may have meant that appellant had failed to substantiate his allegation that he did not have notice. So understood, however, the court's ruling was premature.

Pa.R.C.P. 209 provides:

**2.** Appellant was prepared to prove, by another affidavit from the Secretary of State of the State of Delaware, that he had registered a corporation under the name of "Margo Realty Company." The lower court denied appellant's petition to open before it received this proof; its disposition of the petition did not require a ruling on the question of a meritorious defense.

Appellee did not contest that appellant's petition was timely filed.

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

Appellee argues that Rule 209 means that if a petitioner fails to take action under subsection (a) or (b) within fifteen days after answer is filed, he is bound by the respondent's averments of fact. However, the Rule clearly does not mean this. Rather, it allows respondent to hurry the proceedings along, instead of having to wait on petitioner. (Under a prior Rule, which Rule 209 was designed to soften, if respondent took the initiative and ordered the cause for argument on petition and answer, he was concluded by petitioner's averments of fact. See Goodrich-Amram 2d § 209:1, at 116–18.)

Here, when the lower court ruled on the petition, neither party had taken any action under Rule 209. Neither party had ordered the cause for argument—or, more precisely (since both parties in their praecipes declined oral argument), for decision—on petition and answer. Since Rule 209 places no time limit on respondent's taking of a rule on petitioner, both appellee as respondent and appellant as petitioner had the option (until entry of the lower court's

order) to take action.[3] Until one of the parties did act as provided by the Rule, or until some other force spurred matters along, the court should not have acted.[4]

We do not mean that a motions court must wait for the parties to bestir themselves. We have said, "until some other force spurred matters along." The motions court itself may set a timetable for taking of depositions and for decision. If the court does this, however, it must give notice to the parties. In the present case, no notice was given.

The order is reversed, and the case remanded for further proceedings under Pa.R.C.P. 209.

**3.** It is true that as to respondents the Rule "is permissive, not mandatory." Goodrich-Amram 2d § 209:2, at 126. However, this does not mean that a respondent may stand idle and avail himself of the benefit of subsection (b) ("all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule"), but rather that a respondent may choose to proceed under the older procedure whereby the respondent himself may order the cause for argument. *Id.*, at 126–27.

The present case is a particularly inappropriate one in which to allow respondent the advantage of subsection (b). Petitioner's averment that he never had notice was verified by affidavit, in obedience to Pa.R.C.P. 206; respondent's counter-averment was not. While failure to verify need not be fatal, Goodrich-Amram 2d § 206:5, at 108, respondent's omission is striking in light of the fact that it did verify by its own affidavit (in addition to the affidavit of the Secretary of State of Delaware) that "Margo Realty Corporation" had never been registered in Delaware.

**4.** We have discussed elsewhere the possibility that action such as the court took here is consistent with an apparent practice in Philadelphia County of automatically listing a matter for decision on petition and answer. *Instapåk Corp. v. S. Weisbrod Lamp & Shade Co., Inc.*, 248 Pa.Super. 176, 182 n. 8, 374 A.2d 1376, 1379 n. 8 (1977). That discussion applies equally well to this case.