# Hertz Commercial Leasing Corporation v. Goldstein

*Irvin D. Ellis*, for plaintiff.
*Richard B. Shapiro*, for defendants.
*Abraham C. Reich*, for first additional defendant.
*John V. Hasson*, for second additional defendant.

GUARINO, *J.*, June 4, 1979—The matter is presented to us on motion by additional defendant, Minolta Corporation, to confirm the award of arbitrators. A review of the pertinent facts constrains us to deny the motion.

Briefly, plaintiff filed an assumpsit action against George E. Goldstein and Robert M. Rosenblum for breach of lease and warranty of a photocopy machine. The latter joined Copi-Quik, Inc. as additional defendant on the theory that it was solely liable for damages due to failure of the copy machine. In turn, Copi-Quik, Inc., which had purchased the photocopy machine from petitioner, Minolta Corporation, joined it on theory of breach of warranty. The arbitrators found in favor of petitioner as follows:

"Find in favor of Plaintiff Hertz Commercial Leasing Corp. against Defendants, George E. Goldstein and Robert M. Rosenblum, only in the

sum of $2,000.00. Find in favor of Defendants George E. Goldstein and Robert M. Rosenblum against Additional Defendant Copi-Quik, Inc., only in the sum of $1,000.00. Find in favor of Additional Defendant, Minolta Corp., against All Parties, (NO SUM)." Plaintiff has appealed the award of the arbitrators.

This case is controlled to a large extent by our holding in Ricci v. Goodyear, 9 D. & C. 3d 699, 3 Phila. Interloc. Civil Opin. ___ (C.P. Phila. 1978). It is not necessary to repeat the ratio decidendi here. A reading of the case will serve to inform the other members of the Bar.

At the oral argument, while paying reverence to the holding in Ricci, petitioner contended that this case is distinguishable, warranting a different result. Specifically, petitioner contends (1) that plaintiff does not assert a claim against him, and (2) that its participation is not required to resolve the issues raised. We disagree.

First, we note that a plaintiff may recover against an additional defendant despite the fact that he does not assert a direct claim against him.* As to defendant's second contention, the record clearly indicates that plaintiff did intend that petitioner be a party to its appeal and that its participation is necessary to resolve the issues raised. See Ottaviano v. SEPTA, 239 Pa. Superior Ct. 363, 361 A. 2d 810 (1976).

The key to our finding that plaintiff intended to include petitioner in this appeal and that petitioner

---

*Pa.R.C.P. 2255(d): "The plaintiff shall recover from an additional defendant found liable to him alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability."

is necessary to resolve the issues raised is found in the rule which requires us to find the facts in favor of the nonmoving party when the latter denies the averments of the movant: Cheltenham National Bank v. George B. Henne & Co., 237 Pa. Superior Ct. 311, 353 A. 2d 59 (1975); Phila. Gas Heating Co. v. Sanders, 181 Pa. Superior Ct. 510, 124 A. 2d 435 (1956); Pa.R.C.P. 209(b).

The averments of petitioner that plaintiff did not intend to include petitioner in his appeal and that petitioner is not necessary to resolve the issues raised has been properly traversed by plaintiff's answer.

Accordingly, we find that on the appeal from the arbitration plaintiff intended petitioner, additional defendant, to be a party necessary for resolution of the myriad of issues raised.

## ORDER

And now, June 4, 1979, a trial de novo is hereby ordered as to all parties including additional defendant, Minolta Corporation.