408 A.2d 490

ARTHURS TRAVEL CENTER, INC.

v.

**Eugene J. ALTEN and Marlene K. Alten, h/w, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1978.

Filed Aug. 3, 1979.

Petition for Allowance of Appeal Granted Nov. 21, 1979.

Louis Podel, Philadelphia, for appellants.

Mark I. Slotkin, Philadelphia, for appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

This is an appeal from an order denying Eugene and Marlene Alten's petition to open a confessed judgment against them. The appeal is only by Marlene Alten.

On June 16, 1977, appellee confessed judgment against the Altens on the basis of a mortgage note executed in June 1974. The principal amount of the note was $60,000, and appellee alleged that no payments had been made on it. The only credit that appellee afforded the Altens was for $29,-

670, described as the "Net proceeds of sale of collateral." After interest and various costs, the judgment as entered was for $52,926.

On July 14, the Altens filed a petition to open and/or strike the judgment, alleging that "in full payment and satisfaction of this alleged debt, the property covered under a mortgage note was voluntarily conveyed to [appellee], said conveyance being made on the basis and complete understanding that the said transfer of title constituted payment in full of any obligation due and owing from your Petitioners to [appellee] herein." The petition also alleged two conflicts of interest: first, that the attorney listed in the confession judgment was associated with the attorney who represented petitioners at the time the property was conveyed; and second, that the latter attorney represented both parties when the mortgage note was executed. On August 5, appellee filed an answer to the petition. It denied that the parties had agreed that the conveyance would satisfy the underlying debt, and stated that "[o]n the contrary it is averred that the conveyance of the property covered under the mortgage note did not constitute payment in full of the obligation due and owing [appellee]." Appellee attached to the answer a copy of the deed accompanying the conveyance; it stated that the conveyance was subject to a pre-existing $50,000 mortgage and "(b) that certain mortgage in the face amount of $60,000 made by Eugene Jay Alten and Marlene Alten, his wife, to Arthurs Travel Center, Inc. dated June 11, 1974, recorded June 11, 1974 in Mortgage Book DCC 513, page 472; and it is intended that the lien of said mortgage dated June 11, 1974 shall remain in force and shall not merge into this Deed, but said mortgage shall remain in force as a lien against the premises described herein." Also attached to the answer was a "Form of Certification to be used as required by City of Philadelphia Real Estate Transfer Tax Ordinance," filed by an unidentified party and stating that the total consideration for the conveyance was $110,000, the assessed value of the property, $48,000, and the fair value, $90,000. The remaining para-

graphs of the answer denied the petitioners' allegations of conflict of interest, stating that the petitioners consented to the representation of both parties by the same attorney.

On the same day the answer was filed, the lower court ordered the matter "on the Long Argument List after taking of depositions, if necessary, which are directed to be completed and filed within thirty (30) days of the date hereof, and the filing of a praecipe." No depositions were taken. In March, 1978, the court heard argument on the petition and answer and subsequently dismissed the petition. In its opinion the court stated that the Altens had not produced any evidence in support of their contention that the judgment should be opened; that the averments in their petition did not constitute such evidence; and, finally, that in any case, appellee's answer was dispositive of disputed facts in light of Pa.R.Civ.P. 209.

Appellant, Marlene Alten, argues that the lower court overlooked an important piece of evidence in the record, specifically, the real estate tax transfer certificate attached to appellee's answer. Appellant suggests that this affidavit is proof that the debt was extinguished by the property transfer because of the $60,000 difference between the total stated consideration of $110,000 and the preexisting $50,000 mortgage on the property. She goes on to say that "[t]he credit of $29,670 is an unrealistic figure which is working an obvious injury to the [Altens] since [appellee] and [the Altens] paid transfer taxes on a $110,000 transaction. The [Altens] had a right to rely on the $110,000 figure which represents a $60,000 credit to their debt." Appellant's Brief at 6. Thus her argument is that whether or not the lower court treated appellee's answer as dispositive of disputed allegations, appellee itself introduced evidence, in the form of the real estate tax transfer certificate, sufficient to require the opening of the judgment.

■ Initially, we think it important to state that the lower court was justified in treating appellee's answer as dispositive of the disputed allegations. Pa.R.Civ.P. 209 states:

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule);

the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

On its face, this rule does not apply where, as here, the court itself lists the case for argument. 1 *Goodrich-Amram* 2d § 209:1. However, *Goodrich-Amram* has said that in such a case, the "spirit" of the rule is that the case should be heard as though the petitioner admitted for the purpose of the argument "all averments of fact responsive to the petition and properly pleaded in the answer." 1 *Goodrich-Amram* 2d § 209:2.2; *Cheltenham National Bank v. George B. Henne and Co.*, 237 Pa.Super. 311, 353 A.2d 59 (1975).[1] This is particularly apt where the petitioners do not avail them-

---

[1]. The case before us is distinguishable from a series of recent cases where lower courts also entered orders based only on petitions to open and answers. *See Zinck v. Smashy's Auto Salvage, Inc.*, 250 Pa.Super. 553, 378 A.2d 1287 (1977); *Instapak Corporation v. S. Weisbrod Lamp and Shade Co., Inc.*, 248 Pa.Super. 176, 374 A.2d 1376 (1977); *Maurice Goldstein Co., Inc. v. Ralph Margolin, t/a Margo Realty*, 248 Pa.Super. 162, 374 A.2d 1369 (1977). In those cases, neither party took the requisite steps under Pa.R.Civ.P. 209, but the court went ahead and decided the case anyway, treating the averments of one party or the other as conclusive. We were concerned that the court's action was premature and remanded to allow the parties to use the procedure provided by Pa.R.Civ.P. 209. Here, the court came to a decision, treating appellee's averments as conclusive, only after it had given the Altens as petitioners ample opportunity to take depositions and argue the case. In light of this, remanding the case to allow the parties to use the procedures provided by Pa.R.Civ.P. 209 would serve no useful purpose.

selves of the opportunity to take depositions before the case is argued.

Since the lower court was justified in treating appellee's answer as dispositive, the only evidence before it that could have possibly favored the Altens as petitioners was the deed and the real estate tax transfer certificate.[2] From this evidence alone, we cannot conclude that the lower court abused its discretion in refusing to open the judgment. *See, e. g., Bergman v. Bonetti*, 192 Pa.Super. 170, 159 A.2d 571 (1960).

■■■■ The Supreme Court has stated on several occasions that the issue of whether a debt accompanying a mortgage is extinguished if the mortgagor conveys the property to the mortgagee can only be resolved by determining what was agreed upon by the parties. *See Schuylkill Trust Co. v. Haupt*, 359 Pa. 338, 59 A.2d 73 (1948); *Philadelphia Savings Fund Society v. Stern*, 343 Pa. 534, 23 A.2d 413 (1941); *Segreti v. Frisk*, 328 Pa. 82, 194 A. 895 (1937); *Lansford Building and Loan Assn. v. Sheerin*, 325 Pa. 475, 190 A. 901 (1937). In *Lansford Building and Loan Assn. v. Sheerin, supra*, the Court stated that "even if a mortgage lien be extinguished by merger resulting from a voluntary conveyance of title, this would not necessarily operate as release of the obligation on the bond unless it was agreed by the parties that the conveyance should have that effect." 325 Pa. at 477, 190 A. at 902. Here, neither the deed nor the real estate tax transfer certificate indicates such an agreement. The deed suggests that the debt stemming from the 1974 mortgage would remain in effect, irrespective of the conveyance. The certificate only tells us that the *city* considered the property to have a taxable value of $110,000, *see* Philadelphia Code §§ 19–1401(4) 19–405; it gives us no inkling as to what the *parties* agreed should be the value of the property, or whether they agreed that the conveyance

**2.** We agree with appellant that the court below was empowered to consider the deed and certificate in deciding whether to open the judgment. Pa.R.Civ.P. 2959(e) states that "[t]he court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence."

would satisfy the debt. It is true that the showing necessary to open a judgment is not weighty, for "[a]ll that is important at this posture of the case is that appellant's evidence would be sufficient to prevent a directed verdict against it and poses a question which justifies submission of the case to a jury." *Tenreed Corporation v. Philadelphia Folding Box Company*, 256 Pa.Super. 49, 389 A.2d 594 (1978); *see also First Pennsylvania Bank N.A. v. Weber*, 240 Pa.Super. 593, 360 A.2d 715 (1976); *Puleo and Sons, Inc. v. Rossi*, 234 Pa.Super. 612, 340 A.2d 557 (1975); *Ritchey v. Mars*, 227 Pa.Super. 33, 324 A.2d 513 (1974). However, given the absence of any evidence of what the parties agreed should be the value of the property, we do not believe that appellant's case would justify submission to a jury.[3]

Affirmed.

---

3. Aside from appellant's argument that the conveyance has satisfied the full amount of the debt, she has given us no reason to dispute appellee's stated credit of $29,670. Merely to say that this figure is "unrealistic" and that the Altens had a "right to rely" on a $60,000 credit is not helpful in determining what the parties agreed should have been the proper credit at the time of the conveyance, nor in assigning a reasonable value to the property in the absence of any agreement. Appellant and her husband had an adequate opportunity to provide evidence on these matters by taking of depositions.