422 A.2d 1106

**LINCOLN BANK, Appellant,**

v.

**Margaret KELLY.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed Nov. 7, 1980.

Sheryl L. Auerbach, Philadelphia, for appellant.

Edward E. Russell, Philadelphia, for appellee (at No. 2619).

Austin M. Lee, Philadelphia, for appellee (at No. 2620).

Before SPAETH, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

Presently before the court is the appeal of appellant, Lincoln Bank, from two orders of the lower court dated October 19, 1978, wherein the lower court granted appellee's motions to open judgments entered by confession in the respective amounts of $71,915.49 and $57,745.72 and let appellee into defenses.

We affirm in part and reverse and reinstate in part.

A brief summary of the two transactions involved is necessary for a proper understanding of the issues presently before the court. At No. 3171 May Term of 1978, appellant filed a complaint in confession of judgment against appellee, Margaret M. Kelly, pursuant to the warrant of attorney to confess judgment contained in a Guaranty Agreement dated September 4, 1971 whereby appellee agreed that she would:

"... guarantee as surety, absolutely and unconditionally the full and prompt payment to (the bank) of any and all obligations, liabilities and indebtedness of any kind of (Tri–Kell, Inc.) to (the bank), howsoever created or incurred and whether now existing or hereafter arising, due or to become due, primary or secondary, absolute or contingent, joint or several, direct or indirect, secured or unsecured ..."

The appellant confessed judgment at No. 3171 May Term, 1978 in the amount of $71,915.49.

In response to appellant's complaint in confession of judgment, appellee, Margaret M. Kelly, caused to be filed a

petition to open or strike judgment. In response thereto, appellant filed an answer and new matter to appellee's petition, and appellee filed a reply thereto. No further pleadings were filed. Moreover, no depositions were taken or admissions filed by either party.

Oral arguments were heard by the lower court which, thereafter, issued an order dated October 19, 1978, wherein the judgment which was entered at No. 3171 May Term, 1978 on May 15, 1978, was opened and appellee let into a defense.

A review of the averments of fact contained in appellant's May 15, 1978 complaint in confession of judgment, appellee's petition to open or strike, appellant's answer and new matter and appellee's reply thereto, reveal the following: Appellee, Margaret M. Kelly is the mother of John B. Kelly, Jr.; that at the time of appellee's execution of the September 4, 1971 Guaranty Agreement to guarantee the indebtedness of Tri–Kell, Inc., the said John B. Kelly, Jr. was the President of Tri–Kell, Inc. and also director of the appellant bank; that on September 16, 1971 (twelve days after the execution of said Guaranty Agreement), appellant bank made a $40,-000.00 loan to Tri–Kell, Inc. and thereafter, on October 27, 1971, appellant bank made an additional $20,000.00 loan to Tri–Kell, Inc.; that the $60,000.00 loans to Tri–Kell, Inc. have never been repaid; that to secure the $60,000.00 loans (along with other personal indebtedness of its President, the said John B. Kelly, Jr. which will be discussed infra), Tri–Kell, Inc. executed a promissory note in favor of the appellant bank dated June 28, 1974 in the total amount of $115,000.00.

In addition to the aforementioned complaint in confession of judgment, appellant bank filed a second complaint in confession of judgment against the said Margaret M. Kelly on June 15, 1978 at No. 2155 June Term, 1978 in the total amount of $57,745.72, the principal sum of $50,000.00 being the difference between the purported total amount of $115,-000.00 as evidenced by the promissory note dated June 28, 1974 and the principal sum previously confessed as a judgment at No. 3171 May Term, 1978.

Again, in response to appellant bank's complaint in confession of judgment, appellee filed a petition to open or strike; appellant filed an answer and new matter to said petition, and appellee filed a reply to new matter. No further responsive pleadings were filed and no depositions were taken.

Oral argument was thereafter heard at the conclusion of which the lower court issued its order similarly dated October 19, 1978 opening the judgment taken by confession and letting appellee Margaret M. Kelly into a defense at No. 2155 June Term, 1978.

The record does not evidence the consolidation of the two actions (to—wit: 3171 May Term, 1978 and 2155 June Term, 1978) although same were obviously consolidated for purposes of oral argument and disposition by the court.

The debts under which the No. 2155 June Term, 1978 confessed judgment was taken consisted of two personal loans from appellant bank to the said John B. Kelly, Jr. On November 21, 1969, appellant bank loaned the said John B. Kelly, Jr., $50,000.00. This loan was reduced to $45,000.00 by a payment of $5,000.00 on January 11, 1971. The original loan was then renewed by Mr. Kelly's promissory note dated August 12, 1970, which loan was subsequently renewed from time to time. On May 26, 1971, appellant bank made an additional loan to the said John B. Kelly, Jr. in the amount of $10,000.00, which loan was also renewed from time to time. Therefore, John B. Kelly, Jr.'s personal indebtedness to appellant bank was in the amount of $55,000.00, plus interest. The origination of these two loans took place prior to the execution of said Guaranty Agreement by appellee.

The personal loans of $55,000.00, as well as the corporate loans of $60,000.00 were thereafter consolidated into the $115,000.00 promissory note dated June 28, 1974 and executed in favor of the appellant bank as a corporate obligation of Tri—Kell, Inc. by its corporate President, John B. Kelly, Jr.

Subsequent to the 1974 consolidation of corporate and personal debts as reflected in said $115,000.00 promissory note and based upon the previously executed September 4, 1971 Guaranty Agreement by appellee, Margaret M. Kelly, wherein the said Margaret M. Kelly guaranteed the debts of Tri–Kell, Inc. in favor of appellant bank; appellant bank confessed judgment at No. 2155 June Term, 1978 against Margaret M. Kelly in the principal sum of $50,000.00.

In her petition to open or strike and in her reply to appellant's new matter, the said Margaret M. Kelly alleged that appellant bank without notice to her and in concert with her son, John B. Kelly, Jr., who at the time was both President of Tri–Kell, Inc. and a Director of appellant bank, caused a previously existing, non–guaranteed personal obligation of her son to become a corporate Tri–Kell, Inc. obligation in an effort to bring said pre–existing personal debt within the broad parameters of the September 4, 1971 Guaranty Agreement, all of which was done in an effort to prejudice the rights of appellee Margaret M. Kelly and without her authority to so do.

Moreover, the said Margaret M. Kelly specifically denies that it was her intention to guarantee the personal obligations of her son, John B. Kelly, Jr.

It is interesting to note at this juncture that nowhere in the pleadings does appellee Margaret M. Kelly, deny the execution of the Guaranty Agreement of September 4, 1971 or that said Guaranty Agreement was intended to guarantee the corporate debts of Tri–Kell, Inc.

Pa.R.C.P. § 2959 provides:

Rule 2959.  Striking Off or Opening Judgment; Pleadings;  Procedure

(a) Relief from a judgment by confession shall be sought by petition.  All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.  The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in

any other county in which the sheriff has received a writ of execution directed to him to enforce the judgment.

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.

(c) A party waives all defenses and objections which he does not include in his petition or answer.

(d) The petition and the rule to show cause shall be served as provided in Rule 233, and the answer as provided in Rule 1027.

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. *If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.*

(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

Added June 27, 1969, effective Jan. 1, 1970; amended Oct. 4, 1973, effective Dec. 1, 1973; amended Nov. 14, 1978, effective Dec. 2, 1978; amended Dec. 14, 1979, effective Feb. 1, 1980, and shall apply to all proceedings to enter judgment by confession commended on or after the effective date. (Emphasis added)

■ Our scope of review on appeal from either the opening of or the denial of opening a judgment taken by confession has been clearly delineated over numerous years. We reiterate as we have done on numerous occasions, our scope of review on appeals from the lower court's grant or denial of a petition to open judgment, is very narrow. A petition to open judgment is first an appeal to the equitable and discretionary powers of the lower court and as such, the

exercise of the lower court's discretion in either opening or refusing to open a judgment taken by confession, will not be disturbed on appeal unless the lower court has committed a manifest abuse of discretion or an error of law. *M. H. Davis Estate Oil v. Sure Way Oil*, 266 Pa.Super. 64, 403 A.2d 95 (1979); *Fidelity Bank v. Act of America, Inc.*, 258 Pa.Super. 261, 392 A.2d 784 (1978); *Christie v. Open Pantry Marts*, 237 Pa.Super. 243, 352 A.2d 165 (1975).

It is well settled that "(*o*)ne who petitions to open a confessed judgment must act promptly and aver a meritorious defense", *Wenger v. Ziegler*, 424 Pa. 268, 272, 226 A.2d 653, 655 (1967). There is no question that the appellee in these matters acted promptly, thus the sole issue is whether the appellant set forth a meritorious defense.

The standard to be applied by a court in determining whether a moving party has properly averred a meritorious defense so as to require that a confessed judgment be opened and the moving party let into a defense is succinctly set forth at Pa.R.C.P. 2959(e), effective December 1, 1973, which provides in relevant part:

"... If evidence is produced which in a jury trial would require the issues to be submitted to a jury the court *shall* open the judgment." (Emphasis added).

In testing the sufficiency of the evidence, the facts as alleged must be viewed by the court in the exercise of its discretion in the light most favorable to the moving party and further, the lower court must accept as true all evidence and reasonable and proper inferences flowing therefrom. *Greenwood v. Kadoich*, 239 Pa.Super. 372, 357 A.2d 604 (1976); *M. H. Davis Estate Oil v. Sure Way Oil*, supra. As Judge Van der Voort of our court in *M. H. Davis Estate Oil v. Sure Way Oil*, supra, declared:

"... the test in evaluating the petitioners' evidence is not whether the evidence will probably win a verdict from the jury, but only whether there is sufficient evidence to allow the disputed issue to go to the jury."

With the aforementioned–matter as a guide, we turn to the order of the lower court dated October 19, 1978 wherein the judgment taken by confession at 3171 May Term, 1978 was opened and appellee let into a defense.

■ Analyzing the record which is presently before the court, absent depositions and admissions, we conclude that there is no evidence in support of the lower court's action in opening said judgment and letting appellee into a defense. See *Cheltenham National Bank v. George B. Henne & Co., Inc.*, 237 Pa.Super. 311, 353 A.2d 59 (1975). The record does not provide us with any evidence which in a jury trial it requires the issues to be submitted to the jury. See Pa.R. C.P. 2959(e).

On the contrary, the Guaranty Agreement which provides that appellee Margaret M. Kelly shall guarantee the indebtedness of Tri–Kell, Inc. is unambiguous, clear and free from doubt.

Additionally, a reasonable inference can be drawn that but for the execution of the Guaranty Agreement on September 4, 1971, appellant bank would not have made the two loans on September 16, 1971 and October 27, 1971 in the total amount of $60,000.00 to Tri–Kell, Inc.

Accordingly, we reverse the order of the lower court dated October 19, 1978 at No. 3171 May Term, 1978 and reinstate the judgment taken by confession at said number and term.

■ Turning next to the order of the lower court dated October 19, 1978 wherein the judgment taken by confession on June 15, 1978 at 2155 June Term, 1978 was opened and appellee Margaret M. Kelly let into a defense, we are convinced that the allegations contained in appellee's petition and reply to new matter are sufficient to require submission to a jury. Contained therein, appellee has alleged action on the part of the appellant bank and her son, John B. Kelly, Jr., which smacks of conspiracy. Appellee in an attempt to include under the umbrella of the September 4, 1971 Guaranty Agreement the pre–existing personal debts of John B. Kelly, Jr., coupled with the fact that at the time

of the actions involved Mr. Kelly was both a Director of the appellant bank and President of Tri–Kell, Inc., leads us to conclude that the lower court acted providently in the exercise of its discretion by opening this judgment taken by confession and letting appellee into a defense.

Accordingly, we affirm the action of the lower court in opening the judgment and letting appellee into a defense with respect to the judgment taken by confession on June 15, 1978.

The order of the court below opening the judgment entered at No. 2155 June Term, 1978, in the court below, in the amount of $57,745.72 is affirmed.

The order of the court below opening the judgment entered at No. 3171 May Term, 1978, in the court below, in the amount of $71,915.49 is reversed and said judgment is reinstated for the reasons set forth in the foregoing Opinion.

CAVANAUGH, J., files a concurring and dissenting opinion.

CAVANAUGH, Judge, concurring and dissenting:

Although I agree with the Majority that the lower court did not abuse its discretion in opening the judgment confessed at No. 2155 June Term, 1978, I believe that the lower court also was justified in opening the judgment confessed at No. 3171 May Term, 1978. It is evident from the record that both judgments confessed by appellant were based on the $115,000 promissory note executed on June 28, 1974. In my opinion, the inclusion of John Kelly's personal debts within this note renders the entire promissory note suspect and taints both confessed judgments. Consequently, I concur in part and respectfully dissent in part.

Appellant, Lincoln Bank, made loans totaling $55,000 to John B. Kelly, president of Tri–Kell, Inc., on November 21, 1969 and on May 26, 1976. On September 4, 1971, appellee, mother of Mr. Kelly, executed a Guarantee Agreement in which she guaranteed "as surety, absolutely and unconditionally the full and prompt payment to [appellant] of any

and all obligations, liabilities and indebtedness of any kind of [Tri–Kell, Inc.] to [appellant], howsoever created or incurred and whether now existing or hereafter arising, due or to become due, primary or secondary, absolute or contingent, joint or several, direct or indirect, secured or unsecured...."

In reliance upon this agreement, appellant, on September 16, 1971 and October 27, 1971, made loans to Tri–Kell, Inc. in the total amount of $60,000. On June 28, 1974, Tri–Kell, Inc. executed and delivered a promissory note to appellant in the amount of $115,000. This note represented a consolidation of the $55,000 personal debt of John Kelly and the $60,000 corporate debt of Tri–Kell, Inc. Tri–Kell, Inc. defaulted on this note and appellant confessed two judgments, by amicable action, against appellee.

The first judgment, at No. 3171, May Term, 1978 was based on the $60,000 advanced to Tri–Kell, Inc. in 1971. Appellee filed a Petition to Open and/or Strike the judgment in which she alleged that appellant, without notice to her and in concert with her son, who at the time was also a Director of appellant bank, caused the personal loans of John Kelly to become a debt of Tri–Kell, Inc. in an attempt to bring John Kelly's personal debts within the bounds of the Guaranty Agreement. Because the June 28, 1974 transaction was concealed from appellee, she argued that she was no longer bound by the Guaranty Agreement. Appellant filed an Answer and New Matter. Neither party took depositions or filed admissions.

Appellee filed a second confession judgment at No. 2155, June Term, 1978, the principal sum of which represented the remainder of the $115,000 note or the remaining $50,000 personal debt of John Kelly. Appellee filed a Petition to Open and/or Strike again alleging that the June 28, 1974 transaction was concealed from her and that the Guaranty Agreement is inapplicable to the $115,000 note. Appellant filed an Answer and New Matter. No depositions were taken and no admissions were filed.

Oral argument was held on both petitions and on October 19, 1978 the lower court, in separate orders, opened the two judgments. Appellant appealed both orders and the appeals were consolidated.

In nearly identical written opinions, the lower court concluded:

The Court believes that sufficient evidence has been alleged to mandate the opening of the Judgment. If the composition of Tri–Kill's [sic] obligation was concealed from the defendant, it could negotiate the validity, of the suretyship device. There was no evidence that Kelly agreed to guaranty the personal debts of her son, the validity of including it in the corporate obligation is suspect. Therefore, the Judgment must be opened.

Appellant argues that the lower court erred in not accepting as true the averments of fact in its Answer because appellee did not take depositions to support its allegations as required by Pa.R.C.P. No. 209.

It is apparent that the trial court did not follow the procedure established by Pa.R.C.P. No. 209. Appellee did not take depositions but permitted the case to be automatically listed for hearing on petition and answer according to the local procedure in Philadelphia County. Accordingly, the trial court should have heard the case as though appellee admitted for the purpose of argument "all averments of fact responsive to the petition and properly pleaded in the answer." *Cheltenham National Bank v. George B. Henne & Company, Inc.*, 237 Pa.Super. 311, 353 A.2d 59 (1975). *See also: Arthurs Travel Center, Inc. v. Alten*, 268 Pa.Super. 330, 408 A.2d 490 (1979); 1 Goodrich–Amram § 209:2.2. In the past, where the lower court improperly decides a petition without permitting the parties to comply with Rule 209, we have remanded so that the parties may utilize the procedure established by Rule 209. *E. g. Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979); *Zinck v. Smashy's Auto Salvage, Inc.*, 250 Pa.Super. 553, 378 A.2d 1287 (1977); *Instapak Corporation v. S. Weisbrod Lamp and Shade Company, Inc.*, 248 Pa.Super. 176, 374 A.2d 1376

(1977); *Maurice Goldstein Company, Inc. v. Margolin*, 248 Pa.Super. 162, 374 A.2d 1369 (1977). Instantly, appellee does not argue that she was not given the opportunity to schedule depositions. In her brief to this court, she states that she did not feel that depositions were necessary because the pleadings and documents attached thereto sufficiently averred a meritorious defense. Moreover, even accepting as true appellant's well–pleaded answers as admitted, appellee has averred a meritorious defense. A remand for further proceedings would serve no useful purpose. *See: Arthurs Travel Center, Inc. v. Alten, supra*, 268 Pa.Super. at 334, n. 1, 408 A.2d at 492, n. 1; *America Corporation v. Cascerceri*, 255 Pa.Super. 574, 580 n. 6 389 A.2d 126, 129 n. 6 (1978).

The pleadings and documents, viewed in this light, reveal that appellee, in signing the Guaranty Agreement, clearly intended only to guarantee the debts of Tri–Kell, Inc. No evidence exists to indicate that appellee intended to guarantee her son's personal debts. Also, it is undisputed that the promissory note executed by appellant and Tri–Kell, Inc. on June 28, 1974 includes personal debts of John Kelly. Appellant avers that John Kelly consulted his mother concerning this transaction. Even accepting this as true, a factual issue remains as to whether appellee was informed of the nature of this transaction or whether appellee consented to the transformation of John Kelly's personal debts into a Tri–Kell, Inc. debt subject to the Guaranty Agreement.

Furthermore, because John Kelly informed his mother of the June 28, 1974 transaction, appellant is not necessarily relieved of its duty as creditor to disclose to appellee facts within its knowledge that materially alter appellee's obligation under the Guaranty Agreement. It has been held that each time a creditor accepts the continuing offer of a surety on a continuing guaranty by extending further credit to the principal debtor, the creditor owes a duty to the surety to disclose facts known by the creditor if the creditor has reason to believe that those facts materially increase the risk beyond that which the surety intended to assume and that those facts are unknown to the surety. *Sumitomo Bank of*

*California v. Iwasaki,* 70 Cal.2d 81, 73 Cal.Rptr. 564, 447 P.2d 956 (1968); Restatement Security § 124(2).

In my view, the inclusion of John Kelly's personal debts within the corporate promissory note presents a jury question as to whether the entire note is outside the scope of the Guaranty Agreement. Also, a factual issue is raised concerning appellant's participation and knowledge of the Tri–Kell, Inc.'s assumption of John Kelly's personal debts and its duty to appellee. If it is found that appellee's obligation under the Guaranty Agreement has been altered without her knowledge and consent, appellee may be entitled to be discharged from liability under the $115,000 promissory note of Tri–Kell, Inc. *See: Magazine Digest Publishing Company v. Shade,* 330 Pa. 487, 199 A. 190 (1938). Since both judgments confessed by appellant are based on the $115,000 promissory note, the trial judge did not abuse its discretion in opening both judgments.[1]

---

1. This result does not invalidate the underlying debts of Tri–Kell, Inc. totaling $60,000 nor precludes appellant from proceeding against appellee in another manner to collect these corporate debts.