478 A.2d 1344

Margaret A. PERRI

v.

BROAD STREET HOSPITAL, Eugene Spitz, M.D.,
and Max Karpin, M.D.

Appeal of: BROAD STREET HOSPITAL and
Eugene Spitz, M.D.

Superior Court of Pennsylvania.

Argued Feb. 22, 1984.

Filed July 6, 1984.

James C. Stroud, Philadelphia, for appellants.

Joseph Feldman, Philadelphia, for appellee.

Before WICKERSHAM, MONTEMURO and MONTGOM-ERY, JJ.

WICKERSHAM, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County granting appellee's petition to remove a judgment of non pros.

On September 9, 1981, Margaret Perri, appellee herein, filed a writ of summons in trespass in the Court of Common Pleas of Philadelphia County. Served as defendants were Broad Street Hospital, Eugene Spitz, M.D., appellants herein, and Max Karpin, M.D.[1] On November 4, 1981, appellants filed and served on appellee a rule to file a complaint. Shortly thereafter, counsel for appellee telephoned counsel for appellants and requested and was granted an extension of time to December 31, 1981 to file the complaint. On January 8, 1982, when the complaint had still not been filed, a judgment of non pros was entered against appellee. Counsel for appellee received notice of the entry of judgment on the following day.

On January 14, 1982, appellee filed a petition to open the judgment of non pros, alleging that her counsel had been out of the country from November 17, 1981 until January 4, 1982 in celebration of his eightieth birthday. Upon his return, counsel was involved in an unrelated trial and was unable to file the complaint in appellee's case, even though it was allegedly prepared and ready to be filed when he received notice of the judgment entered against appellee. The petition to open alleged that appellee had a meritorious case against all the defendants because she had sustained permanent injuries and had incurred extensive medical and hospital expenses, presumably at their hands. Appellants filed an answer to the petition admitting the chronology of events and extension of time to December 31, 1981, but denying or demanding proof of the reason the complaint was not filed on time and of whether a meritorious case existed.

On February 11, 1982, the lower court ordered appellee to take depositions, pursuant to Pa.R.C.P. No. 209,[2] on all

1. Max Karpin, M.D. is not a party to this appeal.

2. Pa.R.C.P. No. 209 states:

disputed factual issues, including the reasons appellee failed to file her complaint in a timely manner. No such depositions were ever taken. On July 15, 1982, the lower court entered an order granting the petition to remove the judgment of non pros, from which order appellants timely filed this appeal.

Appellants raise two questions before us:

I. Did the court below commit an error of law by opening the judgment of non pros where [appellee] failed to (1) prove the reason for her failure to file the complaint, reasonably explained or excused, and failed to (2) allege facts constituting grounds for a cause of action?

II. Did [appellants], after having properly served counsel for [appellee] with the rule to file complaint within twenty (20) days upon penalty of non pros, pursuant to Pa.R.C.P. 1037(a), have any duty under Pa.R.C.P. 237.1 which applies only to default judgments?

Brief for Appellants at 3.

■ We agree with appellants that they had no duty under Pa.R.C.P. No. 237.1 to give written notice to appellee before the judgment of non pros was entered. By its very title and wording, Rule 237.1 applies only to default judgments. The Explanatory Note following the rule explicitly states that notice is not required before entry of a judgment of non pros.

**Rule 209.  Duty of Petitioner to Proceed After Answer Filed**
If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

A familiar illustration of a situation where notice is not required is a judgment of non pros under Rule 1037(a). [W]here an action is commenced by a writ of summons without a complaint, a defendant by praecipe may enter a rule as of course upon the plaintiff to file a complaint within twenty days after service of the rule or suffer judgment of non pros. Upon failure to file the complaint within the time fixed, the defendant can proceed by praecipe to have a judgment of non pros entered by the prothonotary. Here, a further notice of intent to enter the default would be unjustified. The plaintiff has already received a twenty-day notice.

This is exactly the situation in the instant case. Appellants filed a praecipe for a rule upon appellee to file a complaint within twenty days of the date of service *upon penalty of non pros.* Therefore, notice under Rule 237.1 would have been redundant and unnecessary. We also note that Rule 237.1 provides that where there has been a written extension of time given to a specific date and a default occurs thereafter, even judgment by default may be entered without prior notice under Rule 237.1.

■ Therefore, the lower court's reliance upon Pa.R.C.P. No. 237.1 in the instant case was misplaced. It is well settled, however, that an appellate court may affirm the action of a lower court on a different rationale than that advanced by that lower court. *Commonwealth v. Fried,* 327 Pa.Super. 234, 475 A.2d 773 (1984); *Scantlin v. Ulrich,* 318 Pa.Super. 407, 465 A.2d 19 (1983). Thus, we now examine whether we can affirm the opening of the judgment of non pros on any other ground.

" 'A request to open a judgment of non pros is by way of grace and not of right. Its grant or refusal is peculiarly a matter for the lower court's discretion. An appellate court may not reverse the lower court's ruling unless an abuse of discretion is clearly evident.' " *Goldstein v. Graduate Hospital of the University of Pennsylvania,* 441 Pa. 179, 182, 272 A.2d 472, 474 (1971), quoting from *Mazar v. Sargent Electric Co.,* 407 Pa. 169, 171, 180 A.2d

63, 64 (1962). The criteria for opening a judgment of non pros are: "(1) the petition should be timely filed; (2) the reason for the default reasonably explained or excused, and (3) the facts constituting grounds for a cause of action be alleged." *Goldstein, supra* 441 Pa. at 182, 272 A.2d at 473–74; *Thorn v. Clearfield Borough,* 420 Pa. 584, 586, 218 A.2d 298, 299 (1966); *Kennedy v. Board of Supervisors of Warminster Township,* 243 Pa.Super. 46, 52, 364 A.2d 442, 445 (1976). Each one of these requirements must be satisfied in order for the opening of a judgment of non pros to be a proper exercise of lower court discretion.

*Thompson v. Hahn Motors, Inc.,* 269 Pa.Super. 271, 273–74, 409 A.2d 884, 885 (1979). *See also, Walker v. Pugliese,* 317 Pa.Super. 595, 464 A.2d 482 (1983).

█ When we consider the three criteria that must be satisfied before a judgment of non pros may be opened, we find ourselves unable to affirm the action of the lower court on this ground either. Appellants admit that the first requirement, timely filing of the petition to open, was met by appellee in this case. Only six days passed between the entry of judgment of non pros and appellee's petition to open. We agree that this is prompt and timely.

█ The second requirement, a reasonable explanation or excuse for the non-filing of the complaint, is not so easily met. Our court has held that if counsel's mistake, oversight, or neglect is to be a reason to vacate a judgment of non pros, that mistake, oversight, or neglect must be reasonably explained. *Corcoran v. Fiorentino,* 277 Pa.Super. 256, 419 A.2d 759 (1980); *Dupree v. Lee,* 241 Pa.Super. 259, 361 A.2d 331 (1976). *Cf. St. Joe Paper Co. v. Marc Box Co., Inc.,* 260 Pa.Super. 515, 394 A.2d 1045 (1978) (mere confusion, mistake, or inadvertence of counsel, without more, or demands on time of counsel are not patently reasonable excuses for default, and failure to open a default judgment based upon those explanations is not an abuse of discretion). In appellee's petition to open, she alleged that her attorney was out of the country until January 4, 1982

and was prevented from thereafter filing the complaint because of the need to prepare for an immediate, unrelated trial. Appellants' answer to the petition admitted only that appellee's counsel told them he would be out of the country for several weeks beginning in mid-November 1981, and would file a complaint by December 31, 1981. Appellants denied knowledge of when appellee's counsel did, in fact, return, whether a complaint was drawn and ready to be filed, and whether appellee's counsel was involved in another trial.[3]

The lower court judge, when confronted with a petition and answer raising issues of fact, ordered appellee, as the moving party, "to take depositions on all disputed issues of fact, pursuant to Pa.Rule of Civil Procedure 209 including the reasons [appellee] failed to file her complaint in a timely manner." R.R. at 23a. Appellee failed to take any depositions. Therefore, pursuant to Rule 209, the court considered all well-pleaded answers to the petition as admitted. Thus, the court concluded that it could not accept as an excuse the allegation by appellee that her counsel was out of the country on December 31, 1981, the date he had agreed to file the complaint.

Even if the court could have accepted appellee's excuse for the default,[4] and determined that it was a reasonable

**3.** Appellants submit that the latter two issues are irrelevant in any case.

**4.** It appears from the record that the court ordered the taking of depositions by appellee *sua sponte.* On its face, Rule 209 does not seem to apply where, as here, the court itself orders depositions. However, in such a case, the spirit of the rule is that the case should be viewed as though the petitioner admitted for the purpose of argument all averments of fact responsive to the petition and properly pleaded in the answer. *Cheltenham National Bank v. George B. Henne & Co., Inc.,* 237 Pa.Super. 311, 353 A.2d 59 (1975). This is particularly apt where the petitioner, appellee herein, does not avail herself of the opportunity to take depositions.

The case before us is distinguishable from a series of recent cases where lower courts also entered orders based only on petitions to open and answers. *See Zinck v. Smashy's Auto Salvage, Inc.,* 250 Pa.Super. 553, 378 A.2d 1287 (1977); *Instapak Corporation v. S. Weisbrod Lamp and Shade Co., Inc.,* 248 Pa.Super. 176, 374 A.2d

excuse, the third requirement for opening a judgment of non pros, allegation of the facts constituting grounds for a cause of action, was clearly not met. Instead of offering facts that would constitute grounds for a cause of action, appellee merely stated in her petition to open that she had a meritorious case against appellants and Dr. Karpin in that "The injuries sustained by [appellee] will be permanent" and "[appellee] has incurred a great deal of medical and [hospital] expenses." Ignoring the likelihood that this bald averment is not a sufficient allegation of facts to create grounds for a cause of action, we note that there is no allegation of negligence by appellants anywhere in the petition. We cannot determine from the petition why or on what basis appellants were being sued by appellee.

In granting appellee's petition to open the judgment, the lower court mistakenly relied on the absence of notice to appellee under Pa.R.C.P. No. 237.1 and apparently did not consider whether all three of the above criteria were met. The opinion of the court does not reveal any consideration of the criteria for the opening of a judgment of non pros under *Goldstein v. Graduate Hospital of the University of Pennsylvania*, 441 Pa. 179, 272 A.2d 472 (1971), except to state that the petition was promptly filed. Accordingly, we hold that the lower court abused its discretion in granting the petition to open.

The order granting appellee's petition to open is reversed and the judgment of non pros reinstated.

1376 (1977); *Maurice Goldstein Co., Inc. v. Ralph Margolin, t/a Margo Realty*, 248 Pa.Super. 162, 374 A.2d 1369 (1977). In those cases, neither party took the requisite steps under Pa.R.Civ.P. 209, but the court went ahead and decided the case anyway, treating the averments of one party or the other as conclusive. We were concerned that the court's action was premature and remanded to allow the parties to use the procedure provided by Pa.R.Civ.P. 209. Here, the court came to a decision, treating appellee's averments as conclusive, only after it had given the Altens as petitioners ample opportunity to take depositions and argue the case. In light of this, remanding the case to allow the parties to use the procedures provided by Pa.R.Civ.P. 209 would serve no useful purpose. *Arthurs Travel Center, Inc. v. Alten*, 268 Pa.Super. 330, 334 n. 1, 408 A.2d 490, 492 n. 1 (1979).